[813conv7] [13 TO 7 CONVERSION]

ORDERED.

**Dated: July 28, 2016**

K. Rodney May
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:   Case No. 8:16−bk−05548−KRM
Chapter 13

Sandra L Champion

_____Debtor*_____/

### ORDER GOVERNING PROCEDURES
### AFTER CONVERSION TO CHAPTER 7 CASE

   THIS CASE came on for consideration, without a hearing, pursuant to a Motion to Convert filed by the Debtor.

The Court considered the record and finds that the Debtor filed a Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code and now seeks to convert the proceeding to a case under Chapter 7 pursuant to § 1307(a) of the Bankruptcy Code.** The Court further finds that the Debtor is eligible for relief under Chapter 7 of the Bankruptcy Code. Accordingly, it is

   **ORDERED:**

   1. The Chapter 13 Trustee shall disburse all funds on hand to the Debtor, in care of the Debtor's attorney, when represented by an attorney.

   2. The Chapter 13 Trustee is discharged from any further duties in the above−captioned case after filing and transmitting a final report and account to the U.S. Trustee within 30 days following the entry of this Order.

   3. The Debtor shall file a schedule of unpaid debts incurred after the commencement of a Chapter 13 case pursuant to Fed. R. Bankr. P. 1019(5) within 14 days from the date of entry of this Order. The schedule of unpaid debts must contain a declaration of the Debtor in accordance with Fed. R. Bankr. P. 1008, list only the debts incurred after the commencement of the Chapter 13 case, and properly identify the schedule under which the debt is listed. If no unpaid debts exist, the Debtor shall file a verified statement to that effect. The Statement of Intention, if required, shall be filed within 30 days following entry of this Order or before the first date set for the meeting of creditors, whichever is earlier. The Debtor should not file a complete set of new schedules or a petition unless the schedules were not previously filed. Any amendments to the petition and schedules must comply with Fed. R. Bankr. P. 1008 and Fed. R. Bankr. P. 1009

4. If the Debtor fails to file the required documents, the Court may enter an order withholding the Debtors' discharge without further notice or hearing. Upon the filing of the schedule of unpaid debts, the Debtor is directed to serve any additional creditors with a copy of the original Notice of Bankruptcy Case (Official Form 309) containing the Debtor's full social security number and file proof of such service with the Court.

5. The rulings on any pending motions to lift the automatic stay are hereby deferred and the automatic stay is hereby extended in order to enable the Chapter 7 Trustee to respond. The moving party is directed to serve the Chapter 7 Trustee with a copy of the motion within 7 days of the date of entry of this Order and file the appropriate proof of service with the Court. The Chapter 7 Trustee shall file a response to the motion within 21 days of receipt of the motion, and if the response challenges the right to relief the movant seeks, a hearing may be scheduled; however, if no response is filed or the response filed admits the movant's right for relief, the Court will consider the entry of an order without conducting a hearing.

6. All pending hearings are cancelled.

7. If the Debtor or Debtor's counsel did not pay the fee electronically at the time of the filing of the notice/motion to convert, within 21 days from the entry of this Order, the Debtor or Debtor's counsel shall pay to the Clerk of the Bankruptcy Court the $25.00 fee as required by Item 8.2 of the Bankruptcy Court Fee Schedule issued in accordance with 28 U.S.C. § 1930. If the Debtor fails to pay the $25.00 fee, the Court will enter an order withholding the Debtor's discharge without further notice or hearing.

The movant's attorney is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

*All references to "Debtor" shall include and refer to both of the debtors in a case filed jointly by two individuals.
** Unless otherwise stated, all statutory references are to the United States Bankruptcy Code, 11 U.S.C. §101, et seq.